IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **DIANE DURHAM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 17-cv-02744-JMP-tmp |
| | ) |
| **PETER WOFFORD,** | ) |
| | ) |
| Defendant. | ) |

---

**REPORT AND RECOMMENDATION**

---

On October 10, 2017, Plaintiff Diane Durham filed a complaint challenging a state court eviction. (ECF No. 1.) On the same day, Durham filed a motion for leave to proceed *in forma pauperis*, which the court granted on October 16, 2017. (ECF Nos. 2, 7.) Pursuant to Administrative Order 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that Durham's complaint be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### I.   PROPOSED FINDINGS OF FACT

In her complaint, Durham alleges that defendant Peter Wofford, her former landlord, violated her civil rights by

obtaining an eviction in state court that was "retaliatory" and "has posed harm and unfair defamation to [her] character." (ECF No. 1 at 3-4.) Durham seeks a number of remedies. She asks that the court remove the judgment "from the tenants [sic] credit record and from public records." (Id. at 4.) She also requests either that the court reinstate her as a tenant or, if the court chooses to uphold the eviction, that the court allow her to move in accordance with the timeline provided in her residential lease. (Id.) Should the court require her to move, she asks that it also require Wofford to return her deposits. (Id.) Finally, she seeks an unspecified amount of monetary damages for lost wages and legal assistance. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Lack of Subject Matter Jurisdiction**

At any time and of its own volition, a federal court may examine whether a complaint lacks subject matter jurisdiction. See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal

courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). If the court finds that subject matter jurisdiction is lacking, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3). The undersigned recommends that this complaint be dismissed for lack of subject matter jurisdiction because, even construed in the most liberal light, the complaint violates the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." Pieper v. Am. Arbitration Ass'n, Inc., 336 F.3d 458, 460 (6th Cir. 2003) (citations omitted); Anders v. Purifoy, No. 16-2321-JDT-tmp, 2016 WL 3102229, at *2 (W.D. Tenn. June 2, 2016). Rather, "only the United States Supreme Court has jurisdiction to correct state court judgments." Gottfried v. Med. Planning Servs., Inc., 142 F.3d 326, 330 (6th Cir. 1998) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)); Adams v. Haslam, No. 17-CV-2024-STA-tmp, 2017 WL 2117559, at *2 (W.D. Tenn. Apr. 20, 2017), report and recommendation adopted, No. 17-2024-STA-TMP, 2017 WL 2116713 (W.D. Tenn. May 15, 2017).

When determining whether the Rooker-Feldman doctrine is applicable, a court must ask "whether the 'source of the injury'

-4-

upon which plaintiff bases his federal claim is the state court judgment." Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008) (quoting McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)). If the only way the court may remedy the injury is by reviewing the state court judgment, "the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction." McCormick, 451 F.3d at 393. The doctrine applies even if the "state court erred." Int'l Christian Music Ministry Inc. v. Ocwen Fed. Bank, FSB, 289 F. App'x 63, 65 (6th Cir. 2008) (citing Resolute Ins. Co. v. North Carolina, 397 F.2d 586, 589 (4th Cir. 1968)). There is an exception to this doctrine when "a state court judgment . . . is alleged to have been procured through fraud, deception, accident, or mistake." In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir. 1986) (quoting Resolute, 397 F.2d at 589).

In this case, in order to grant the remedies that Durham seeks, the court would have to consider the validity of a state court judgement. The court could not remove the judgment against Durham from public records, require compliance with the residential lease, and grant the requested damages without "review[ing] and reject[ing]" the state court ruling that allowed Wofford to evict Durham. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In addition, Durham has not indicated that Wofford obtained the judgement

"through fraud, deception, accident, or mistake." Int'l Christian Music Ministry Inc., 289 F. App'x at 65 (quoting Sun Valley Foods Co., 801 F.2d at 189). Thus, pursuant to the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction to hear Durham's claim.

### III. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the complaint be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 17, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**