IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIANE DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:17-cv-2744-JPM-tmp |
| v. ) | |
| ) | |
| PETER WOFFORD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation filed by U.S. Magistrate Judge Tu M. Pham on October 17, 2017. (ECF No. 8.) In the Report and Recommendation, the Magistrate Judge recommends that Plaintiff Diane Durham's Complaint be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. (Id. at PageID 24.) The Magistrate Judge finds that:

> In this case, in order to grant the remedies that Durham seeks, the court would have to consider the validity of a state court judgement. The court could not remove the judgment against Durham from public records, require compliance with the residential lease, and grant the requested damages without "review[ing] and reject[ing]" the state court ruling that allowed Wofford to evict Durham. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In addition, Durham has not indicated that Wofford obtained the judgement "through fraud, deception, accident, or mistake." Int'l Christian Music Ministry Inc., 289 F. App'x at 65 (quoting Sun Valley Foods Co., 801 F.2d at 189).

(Id. at PageID 23-24.) Accordingly, the Magistrate Judge finds that the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, which establishes that "lower

federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." Pieper v. Am. Arbitration Ass'n, Inc., 336 F.3d 458, 460 (6th Cir. 2003) (citations omitted).

On October 31, 2017, Plaintiff filed an objection to the Report and Recommendation. (ECF No. 9.) Plaintiff states that she disagrees with the Report and Recommendation "due to Retaliatory Conduct by the landlord" for a "situated documented by the police department that [she] was the victim of and was not [her] fault." (Id.) Additionally, Plaintiff contends that her lease contains a clause that prohibits her landlord's conduct. (Id.)

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure

2

to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

Plaintiff's objection to the Magistrate Judge's Report and Recommendation does not address the issue of subject matter jurisdiction.[1] (See ECF No. 9.) Accordingly, the Court review's the Report and Recommendation for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

On clear-error review of the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. This does not prevent Plaintiff from appealing—to the appropriate *state* appellate court—the state court judgment that permitted her landlord to evict her.

**IT IS SO ORDERED**, this 27th day of November, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE

---

[1] For example, Plaintiff does not contend that her landlord obtained the state court judgment that allowed him to evict Plaintiff "through fraud, deception, accident, or mistake." See Int'l Christian Music Ministry Inc. v. Ocwen Fed. Bank, FSB, 289 F. App'x 63, 65 (6th Cir. 2008).